UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACSTEEL, INC. a Division of
Quanex Corporation,
       Plaintiff,                                     Case No. 05-74566
                                                      Honorable Patrick J. Duggan
v.
ERAMET NORTH AMERICA,
       Defendant.
_____/

**OPINION AND ORDER DENYING MACSTEEL'S OBJECTION TO
MAGISTRATE JUDGE CAPEL'S ORDER DENYING MACSTEEL'S MOTION
FOR SPOLIATION SANCTIONS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 16, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

In this lawsuit, Plaintiff MacSteel ("MacSteel") alleges that Defendant Eramet North America ("Eramet") breached an agreement to sell silicomanganese for use at MacSteel's plants in Jackson, Michigan and Fort Smith, Arkansas. On August 8, 2006, MacSteel filed a motion for spoliation sanctions relating to the destruction of notes by an Eramet former employee, Thomas Pompili, which he took contemporaneous to the oral agreement that is at issue in this case. This Court referred the motion to Magistrate Judge Wallace Capel, Jr. On September 27, 2006, Magistrate Judge Capel issued an order denying MacSteel's motion. Presently before the Court is MacSteel's objection to that order.

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard of review

1

this Court must apply when objections are filed with respect to a magistrate judge's ruling on non-dispositive matters. The rule provides in relevant part: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). The Court concludes that Magistrate Judge Capel's decision is neither clearly erroneous nor contrary to law.

Contrary to MacSteel's assertion, the Court does not believe that the Magistrate Judge denied the motion simply because he found that the destruction of the notes was not willful. Magistrate Judge Capel did state at the hearing on MacSteel's motion that he did not think that Eramet "willfully . . . withheld or destroyed information . . ." *See* Mot. Ex. A at 21-22. A review of the entire hearing transcript reflects, however, that this was not the only basis for the court's ruling.

Instead, Magistrate Judge Capel also emphasized that, because Mr. Pompili no longer was an Eramet employee, there was nothing preventing MacSteel from talking to him and thereby discovering the existence of the notes before they were destroyed. *See id.* at 21. Additionally, Magistrate Judge Capel focused on the fact that Mr. Pompili relied on his notes to compose an e-mail summarizing his agreement with MacSteel's representative the same day that he took the notes and that the e-mail was available to MacSteel. *See id.* Although it is not apparent whether Magistrate Judge Capel also relied on the fact that the notes were not in Eramet's custody or control, but instead were in Mr. Pompili's custody and control, this Court believes that fact supports the denial of

MacSteel's motion.  *See, e.g., Townsend v. Am. Insulated Panel Co.*, 174 F.R.D. 1, 4-5 (D. Mass 1997) (relying on *Gordner v. Dynetics Corp.*, 862 F. Supp. 1303, 1307-08 (M.D. Pa. 1994) and noting that "[a]lthough there appears to be little law on this issue," ... "the duty [to preserve evidence] does not extend to evidence which is not in a litigant's possession or custody and over which the litigant has no control.") Notably, MacSteel has not cited any case holding that spoliation sanctions are appropriate where the evidence destroyed was in the custody or control of a third party.  The only case MacSteel has cited with respect to this issue is *Beck v. Haik*, 377 F.3d 624 (6th Cir. 2004).  *See* MacSteel's Reply to Eramet's Resp. to MacSteel's Mot. for Spoliation Sanctions at 3-4.  The destroyed evidence in that case, however, was in the custody and/or control of the defendants.  *See Beck*, 377 F.3d at 640-41.

    Accordingly,

    **IT IS ORDERED**, that MacSteel's objection to Magistrate Judge Capel's order denying its motion for spoliation sanctions is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Jonathan S. Groat, Esq.
Terry A. Shulsky, Esq.
Daniel R. Gravelyn, Esq.
Jeffrey G. Muth, Esq.
Scott R. Murphy, Esq.